UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joe E. Macon, *a/k/a Joseph E. Macon,* | ) C/A No. 8:08-2832-HFF-WMC ) ) |
| Plaintiff; | ) ) |
| vs. | ) **Report and Recommendation** ) |
| State of South Carolina; City of Williamston, Anderson County, SC; Department of Motor Vehicles; United States Justice Department; Judge Bruce H. Hendricks; Att. Rodney Richey; Att. Andrew F. Lindemann; Judge James Cox, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## **Background**

The instant action was transferred to this Court from the United States District Court for the Middle District of Georgia, Athens Division. The original complaint was filed pursuant to the "civil rights statute" and stated that the Defendants had treated Plaintiff

differently because of his disability and race and had denied Plaintiff "due process of law." Plaintiff sought monetary damages for the alleged constitutional violations, but provided no facts to support his claims. On August 28, 2008, an Order was filed notifying Plaintiff that the original complaint provided insufficient information for review and directing Plaintiff to bring this case into proper form by: (1) submitting service documents for each named Defendant; (2) submitting fully completed and signed *pro se* party's answers to Rule 26.01 Interrogatories; and (3) submitting an amended complaint stating the facts of Plaintiff's claim against each Defendant.

On September 11, 2008, Plaintiff submitted the requested proper form documents to include an amended complaint. The "statement of claim" section of Plaintiff's amended complaint indicates that he is suing the State of South Carolina for "torture", the City of Williamston for "human right", the Justice Department for "civil right", the Department of Motor Vehicles (DMV) for "treated one citizen different from other"; and Bruce Howe Hendricks for perpetuating "the discrimination of a public entity."[1] Plaintiff additionally alleges "denial of civil rights" and "torture crimes that shock the conscience." As in the original complaint, Plaintiff requested monetary damages but failed to provide any facts to support his bare allegations.

## Discussion

The original and amended complaints (hereinafter collectively referred to as "the complaint") allege violations of Plaintiff's constitutional rights by two private attorneys, two

---

[1] The "Parties" section of Plaintiff's amended complaint (section II (C)), lists the following individuals as additional Defendants: Judge Bruce H. Hendricks, Att. Rodney Richey, Att. Andrew F. Lindemann, and Judge James Cox.

3

judges, and various state, federal, and local government entities. Thus, the complaint is construed as an action filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint in this case makes insufficient factual allegations against the individual Defendants. The complaint's general claims of "torture crimes" and discriminatory civil rights violations are insufficient to state a claim under § 1983. Although the court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). The complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants

that is alleged to have harmed the plaintiff." *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981).  This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985).  As the complaint provides insufficient facts to state a claim under § 1983, it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In addition, Judge Bruce H. Hendricks and Judge James Cox are entitled to absolute immunity from suit.  *See Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit against two Virginia magistrates);  *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions").  *See also Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").  As Plaintiff provides no factual allegations against Judge Cox and only a bare assertion of discrimination against Judge Hendricks, it is unclear how these two Defendants are alleged to have violated Plaintiff's constitutional rights.  However, to the extent Plaintiff seeks damages related to the Judges' judicial actions, Judge Hendricks and Judge Cox are protected from suit by absolute immunity.

Finally, Defendants Att. Rodney Richey and Att. Andrew F. Lindemann are also entitled to summary dismissal from this action.  Plaintiff provides no factual allegations against these two Defendants.  In addition, attorneys do not act under color of state law when performing traditional functions as counsel.  *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-

5

1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney).   Thus, to the extent Plaintiff attempts to bring this action against Att. Rodney Richey and Att. Andrew Lindemann for traditional functions performed as counsel, these two Defendants are not amenable to suit under § 1983.

### **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  Plaintiff's attention is directed to the important notice on the next page.

s/William M. Catoe<br>
United States Magistrate Judge

September 16, 2008
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).